United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-40049
Summary Calendar

———————————————

STEPHEN JOHN IRVING

Plaintiff-Appellant,

versus

FREIGHTLINER, LLC

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Eastern District of Texas
(No. 1:03-CV-1391)

———————————————

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Stephen Irving was awarded nothing by a jury in a products liability suit against

Freightliner, LLC. Irving appeals the district court's denial of his motions for judgment

as a matter of law and for a new trial. For the following reasons, we affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

## I.  FACTS AND PROCEEDINGS

In this diversity action, Irving, a truck driver, sustained serious injuries during a pre-trip inspection of his truck when the truck's hood fell on his head.  The hood of this truck opens from back to front, the opposite of most passenger cars.  In order to prevent the hood from "over travelling" and falling past an upright position so as to move towards the front bumper, this particular model of truck uses a pair of nylon straps that prevent the hood from moving past an upright position when opened.

On November 11, 2001, Irving was at his brother's home before a job.  He attempted his pre-trip inspection while in the midst of mid-day grilling.  He began the inspection with a spatula in his hand but dropped it before opening the hood.  After opening the hood, Irving bent over to pick up the spatula.  While bent over, the hood "over travelled" and fell on his head, causing serious injuries.  Irving filed suit against Freightliner, the manufacturer of the truck, which designated U.S. Xpress, Irving's employer, as a responsible third party.  U.S. Xpress is not a party to this appeal.

Approximately a week after the incident, two U.S. Xpress employees retrieved the truck, receiving the keys from Irving's brother Mark.  Mark Irving stated that he was present when the two employees performed a pre-trip inspection prior to taking the vehicle and that he observed one of these employees find a bolt underneath the truck.

The jury found that Freightliner was twenty percent responsible for the incident, U.S. Xpress was ten percent responsible, and Irving himself was seventy percent responsible.  Because Irving was found to be more than fifty percent responsible for his

2

injuries, the jury did not reach the damages question. Irving was awarded nothing. TEX. CIV. PRAC. & REM. CODE § 33.001 ("In an action to which this chapter applies, a claimant may not recover damages if his percentage of responsibility is greater than 50 percent."). The district court denied Irving's motions for judgment as a matter of law and for a new trial, and Irving timely appealed, raising three points of error.

## II.  STANDARD OF REVIEW

We will reverse a district court's denial of a motion for judgment as a matter of law only if, "draw[ing] all reasonable inferences and resolv[ing] all credibility determinations" in favor of the nonmovant, the evidence points so overwhelmingly in favor of the movant that no reasonable juror could return a verdict for the nonmovant." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005); *see also Cousin v. Trans Union Corp.*, 246 F.3d 359, 366 (5th Cir. 2001).  In reviewing the denial of a motion for a new trial, we will only reverse if there is a clear abuse of discretion. *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 n.3 (5th Cir. 1983).

We review the district court's evidentiary rulings for abuse of discretion. *See Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 375 (5th Cir. 2004).  This includes a decision by the district court to exclude expert testimony. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997).

## III.  DISCUSSION

### A.    Negligence findings against Irving and U.S. Xpress

Irving argues that the jury's findings of negligence against him and U.S. Xpress

must be overturned on appeal because the record contained no "evidence upon which a reasonable trier of fact could conclude as the jury did." *Molnar v. Ebasco Constructors, Inc.*, 986 F.2d 115, 117 (5th Cir. 1993). In particular, Irving argues that the testimony did not establish negligence by Irving or show that any actions or inactions taken by him could have been the proximate cause of his injuries. The defendant's safety expert testified regarding Irving's deposition testimony and provided sufficient evidence from which the jury could conclude that Irving's inspection was negligent with respect to the straps. The jury has the role of evaluating the credibility of testimony. *See Boyle v. Pool Offshore Co.*, 893 F.2d 713, 716 (5th Cir. 1990); *see also Hindman v. City of Paris*, 746 F.2d 1063, 1068 (5th Cir. 1984) (noting that "the question of a witness's credibility is the purest of jury issues"). We find no error by the district court on this point.

With respect to the negligence finding against U.S. Xpress, we likewise observe that the jury's verdict was based on sufficient evidence. The jury properly considered the testimony and concluded U.S. Xpress was negligent. As the district court pointed out, the evidence against U.S. Xpress was weaker than that against Irving or Freightliner, and the relative assessment of fault reflected this difference. We decline to upset the jury's finding on appeal.

Irving has not demonstrated that a reasonable jury could not find him and U.S. Xpress liable based on the evidence. Accordingly, we find no error in the district court's refusal to grant Irving's motions on this ground.

B.    Mark Irving's testimony

Irving's second point of error is that the district court abused its discretion in excluding a portion of Mark Irving's testimony relating to the presence of a bolt underneath the truck during a post-accident, pre-trip inspection by U.S. Xpress employees. Mark Irving testified that he observed one of the U.S. Xpress employees find a bolt underneath the truck during an inspection approximately a week after the injury to Irving. Freightliner objected to this testimony on the basis that it contradicted his deposition testimony that he did not know of anything wrong with the truck. The district court instructed the jury to disregard Mark Irving's testimony regarding the bolt found by the U.S. Xpress employees. Irving argues that the district court's decision not to permit this evidence to go to the jury was an abuse of discretion for which the jury verdict must be reversed.

Irving's counsel claimed to have learned of the evidence only a day before trial and therefore argues that disclosing it two days earlier than when it was disclosed would have made no difference. Freightliner argues that permitting this testimony would have ambushed it. The district court explained that it refused to permit this evidence because plaintiff's counsel failed to disclose it to opposing counsel and a continuance was not practicable. Furthermore, in the Order Governing Proceedings, the parties were required specifically to disclose "a fair summary of the substance of the information known" by those people with relevant information about the case. On appeal, we decline to hold that this exclusion was an abuse of discretion requiring reversal of the jury's verdict. *See Brennan's, Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 375 (5th Cir. 2004).

C.    Gerald Rosenbluth's testimony

Irving's third point of error is that the district court abused its discretion in limiting the testimony of Irving's expert, Gerald Rosenbluth, relating to a washer being left out of the assembly, thereby allowing the assembly to come loose.  *See Vogler v. Blackmore*, 352 F.3d 150, 153–54 (5th Cir. 2003) (reviewing expert testimony exclusion under an abuse of discretion standard).  While Irving argues that Rosenbluth's timely-submitted expert report contained sufficient detail to allow testimony about the washer theory, the district court disagreed.  In reviewing the expert report, the passages cited by Irving do not sufficiently indicate that this theory is being advanced.  The district court's decision to exclude this evidence was not an abuse of discretion.

## IV.  CONCLUSION

The judgment of the district court is AFFIRMED.

6